THE HONORABLE KAREN L. STROMBOM

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

ROBERT LEE TAYLOR, SR., individually and on behalf of all others similarly situated,

Plaintiff,

v.

UNIVERSAL AUTO GROUP I, INC., a Washington corporation, d/b/a TACOMA DODGE CHRYSLER JEEP,

Defendant.

NO. 3:13-cv-05245-KLS

**PRELIMINARY APPROVAL ORDER**

**PRELIMINARY APPROVAL ORDER**

**WHEREAS**, on or about August 28, 2015, the Parties entered into a Settlement Agreement, which sets forth the terms and conditions of the Settlement and release of certain claims against defendant Universal Auto Group I, Inc. d/b/a Tacoma Dodge Chrysler Jeep Ram ("Universal Auto" or "Defendant") and the Released Parties; the Court having reviewed and considered the Settlement Agreement, which defines the terms used herein, and all of the filings, records, and other submissions; the Court finds upon a preliminary examination that the Settlement Agreement appears fair, reasonable, and adequate, and that a hearing should and



TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

will be held after notice to the Settlement Class in order to confirm that the Settlement is fair, reasonable, and adequate, and to determine whether the Final Approval Order and final judgment should be entered in this Action pursuant to the terms and conditions set forth in the Settlement Agreement.[1]

**THEREFORE, THE FOLLOWING IS HEREBY ORDERED**:

1. For purposes of settlement only, this Court has jurisdiction over the subject matter of this Action and personal jurisdiction over the Parties and the Settlement Class.

2. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of settlement only, the Settlement Class is preliminarily certified as follows:

> All persons who had one or more of the 8,143 cellular telephone numbers appearing on the "Settlement Class List," which is a list of cellular telephone numbers to which robocalls were placed on Universal Auto's behalf and that includes the names and U.S. mailing addresses of the people who OneCommand determined owned those numbers. Excluded from the Settlement Class are those persons who were called on Universal Auto's behalf but whose numbers were not included on the Settlement Class List.

3. For purposes of settlement only, the Court hereby appoints Plaintiff as Class Representative pursuant to Rule 23 of the Federal Rules of Civil Procedure, and finds that, for settlement purposes only, the Class Representative has and will fairly and adequately protect the interests of the Settlement Class.

4. For purposes of settlement only, the Court appoints the attorneys at Terrell Marshall Daudt & Willie PLLC as Class Counsel and finds that for settlement purposes, Class Counsel have and will fairly and adequately protect the interests of the Settlement Class.

---

[1] Terms shall have the meaning ascribed to them in the Settlement Agreement.



TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

5. The Court preliminarily finds that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and for the purposes of settlement only, that the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as follows:

a. The number of members in the Settlement Class is so numerous that joinder of all members is impracticable;

b. There are common questions of law and fact;

c. The claims of the Class Representative are typical of the claims of the Settlement Class;

d. The Class Representative and Class Counsel will fairly and adequately represent and protect the interests of the Settlement Class;

e. The questions of law and fact common to the members of the Settlement Class will predominate over individual questions of law and fact; and

f. A class action is superior to other methods of adjudication.

6. The Court appoints KCC as the Claims Administrator, who shall fulfill the functions, duties, and responsibilities of the Claims Administrator as set forth in the Settlement Agreement and this Order.

7. The Court approves the proposed forms of notice and notice plan for giving direct notice to the Settlement Class by U.S. Mail as set forth in the Settlement Agreement and its attached exhibits ("Notice Plan"). The Notice Plan, in form, method, and content, fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled thereto. The Court finds that the Notice Plan is reasonably calculated to, under all circumstances, reasonably apprise the persons in the Settlement Class of the pendency of this



TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the Settlement Class.

8. Pursuant to the Settlement Agreement, the Claims Administrator shall provide individual notice via U.S. Mail to the most recent mailing address as reflected in computerized account records maintained by OneCommand and/or DealerTrack no later than October 9, 2015, which is thirty (30) days following entry of this Order ("Notice Deadline").

9. Members of the Settlement Class may exclude themselves from the Settlement Class by advising the Claims Administrator in writing no later than the Objection/Exclusion Deadline, which is sixty (60) days after the Notice Deadline. All such writings must be signed, and if mailed, must be postmarked no later than the Objection/Exclusion Deadline.

10. Any Settlement Class Member who desires to object to the fairness of this Settlement must file a written objection with the Court by the Objection/Exclusion Deadline, which is sixty (60) days after the Notice Deadline. The objection must provide the objector's name, address, telephone number at which the Calls were received, and the reason(s) for the objection.

11. Anyone who properly objects, as described herein, may appear at the Final Approval Hearing, including through an attorney hired at the objector's expense. Such objectors or their attorneys intending to appear at the Final Approval Hearing must file a Notice of Intention to Appear with this Court no later than 10 days prior to the Final Approval Hearing. Any member of the Settlement Class who fails to comply with the provisions herein shall waive and forfeit any and all rights to object, and shall be bound by the terms of this Settlement and the orders and judgments of this Court. Class Counsel shall file responses to any valid objections no later than 14 days prior to the Final Approval Hearing. Universal Auto's



TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

counsel may file additional responses, but no later than 14 days prior to the Final Approval Hearing.

12. The Final Approval Hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure will be held before this Court to finally determine whether the prerequisites for class certification and treatment under Rule 23(a) and (b) of the Federal Rules of Civil Procedure are met; to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by this Court; to determine whether the Final Approval Order and final judgment under this Settlement Agreement should be entered; to consider the application for attorneys' fees and expenses of Class Counsel; to consider the application for a service award to the Class Representative; and to rule on any other matters that the Court may deem appropriate. At the Final Approval Hearing, the Court may enter the Final Order of Judgment and Dismissal with Prejudice in accordance with the Settlement Agreement that will adjudicate the rights of the Settlement Class Members.

13. The Final Approval Hearing is scheduled for February 3, 2016 at 9:30 a.m. at U.S. District Court for the Western District of Washington, Tacoma Division, located at 1717 Pacific Avenue, Courtroom F, Tacoma, WA 98402.

14. All memoranda and other submissions in support of the Final Approval Order and this Settlement shall be filed no later than fourteen (14) days prior to the Final Approval Hearing.

15. Universal Auto shall pay all notice expenses pursuant to the Settlement Agreement.

16. On or before thirty (30) days after the Notice Deadline, Class Counsel shall file and serve an application for an award of attorneys' fees and out-of-pocket costs, and an



TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

application for service award to Plaintiff. The application shall be posted on the Settlement Website within 24 hours of the day it is filed.

17. On or before fourteen (14) days prior to the Final Approval Hearing, Class Counsel shall file and serve a motion for final approval and responses to any objections.

18. All members of the Settlement Class will be bound by all orders pertaining to the Settlement unless such persons request exclusion from the Settlement Class as provided herein. Members of the Settlement Class who do not timely and validly request exclusion shall be so bound, even if they have previously or subsequently initiated individual litigation or other proceedings against the Released Parties relating to the Released Claims.

19. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval and partake in this Settlement.

20. This Order and the Settlement are not admissions or concessions by Universal Auto of any liability or wrongdoing. This Order is not a determination of liability or wrongdoing. This Order also does not constitute any opinion or position of this Court as to the merits of the claims and defenses related to this Action.

21. This Action is stayed until further ordered by this Court, except such actions and proceedings that may be necessary to implement this Settlement and Order.

22. If the Effective Date does not occur, the parties shall be returned to the status quo ex ante, for all litigation purposes, as if no Settlement had been negotiated or entered into and thus this Order and all other findings or stipulations regarding the Settlement, including but not limited to, certification of the Settlement Class shall be automatically void, vacated, and treated as if never filed.



TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

23. This Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.

IT IS SO ORDERED.

DATED this 9th day of September, 2015.

Karen L. Strombom
United States Magistrate Judge



TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com