THE HONORABLE KAREN L. STROMBOM

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

ROBERT LEE TAYLOR, SR., individually and on behalf of all others similarly situated,

Plaintiff,

v.

UNIVERSAL AUTO GROUP I, INC., a Washington corporation, d/b/a TACOMA DODGE CHRYSLER JEEP,

Defendant.

NO. 3:13-cv-05245-KLS

**FINAL ORDER OF JUDGMENT AND DISMISSAL WITH PREJUDICE**

**FINAL ORDER OF JUDGMENT & DISMISSAL WITH PREJUDICE**

And now, on this 3rd day of February, 2016, upon consideration of the unopposed Motion for Final Approval of the Settlement ("Motion") filed by Plaintiff Robert Lee Taylor, Sr., and the relevant memoranda and submissions to this Court, it is **HEREBY ORDERED** that the Motion is **GRANTED**, the Settlement Class is certified, and the Settlement is approved.[1]

[1] Capitalized terms shall have the meaning ascribed to them in the Settlement Agreement.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.tmdwlaw.com

**WHEREAS**, on or about August 28, 2015, the Parties filed a Settlement Agreement (Docket No. 92-1) which sets for the terms and conditions of the Settlement and release of certain claims against defendant Universal Auto Group I, Inc. ("Universal Auto");

**WHEREAS**, the Plaintiff and Class Counsel have filed an unopposed Motion, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order finally approving the Settlement as set forth in the Settlement Agreement, which will dismiss this Action with prejudice;

**WHEREAS**, the Court preliminarily approved the Settlement on September 9, 2015 and notice was given to members of the Settlement Class pursuant to that Preliminary Approval Order;

**WHEREAS**, the Court has reviewed and considered all papers filed in support of the Settlement, and all exhibits thereto, and held a Final Approval Hearing on February 3, 2016, at which time the Parties and all interested persons were heard. No papers were filed in opposition of the settlement and no one spoke against the settlement.

**WHEREAS**, upon consideration of all of the above, the Court finds that the Settlement is fair, adequate, and reasonable.

**THEREFORE,** the following is **HEREBY ORDERED**:

1. For purposes of settlement only, this Court has jurisdiction over the subject matter of this Action and personal jurisdiction over the Parties and the Settlement Class.

2. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of settlement only, the Settlement Class is certified as follows:

> All persons who had one or more of the 8,143 cellular telephone numbers appearing on the "Settlement Class List," which is a list of cellular telephone numbers to which robocalls were placed on Universal Auto's behalf and that includes the names and U.S. mailing addresses of the people who OneCommand determined owned those numbers. Excluded from the Settlement Class are those persons who were called on Universal Auto's behalf but whose numbers were not included on the Settlement Class List.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.tmdwlaw.com

3. For purposes of settlement only, Plaintiff is hereby appointed Class Representative.

4. For purposes of settlement only, the attorneys at Terrell Marshall Daudt & Willie PLLC are hereby appointed as Class Counsel.

5. For purposes of settlement only, the prerequisites for class certification under Rule 23(a) and (b)(3) have been satisfied as follows:

a. The number of members in the Settlement Class is so numerous that joinder of all members is impracticable;

b. There are common questions of law and fact to the Settlement Class;

c. The claims of the Class Representative are typical of the claims of the Settlement Class;

d. The Class Representative and Class Counsel will fairly and adequately represent and protect the interests of the Settlement Class;

e. The questions of law and fact common to the members of the Settlement Class will predominate over individual questions of law and fact; and

f. A class action is superior to other methods of adjudication.

6. In the event that the Settlement terminates for any reason, the certification of the Settlement Class shall be automatically vacated, null and void, and this Action shall revert to its status immediately prior to the execution of the Settlement Agreement.

7. This Court finds that the notice given to members of the Settlement Class pursuant to the terms of the Settlement Agreement fully and accurately informed such members of all material elements of this Settlement and constituted valid, sufficient, and due notice to all such members. That notice fully complied with due process, Rule 23 of the Federal Rules of Civil Procedure, and with all other applicable law.

8. No Members of the Settlement Class requested exclusion from the Settlement Class.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.tmdwlaw.com

9. The Court finally approves this Settlement, and finds that it is fair, reasonable, and adequate.

10. The Parties, their counsel, and the Claims Administrator shall fulfill their obligations and duties under the Settlement Agreement.

11. The Court dismisses with prejudice this Action, the Released Claims, and the Released Parties, and adjudges that the Released Claims are released against the Released Parties.

12. The Court adjudges that Plaintiff and the Settlement Class Members are deemed to have fully, finally, completely, and forever released, relinquished, and discharged the Released Claims against the Released Parties.

13. Plaintiff and the Settlement Class Members are permanently enjoined and barred from asserting, initiating, prosecuting, or continuing any of the Released Claims against the Released Parties.

14. The Court approves payment of attorneys' fees and expenses, which includes costs, of Class Counsel in the amount of $ 175,000.00. The Court finds this amount to be appropriate and reasonable in light of the work performed by Class Counsel and the benefits obtained by the Settlement Class Members. In addition, the Court finds that the Settlement Agreement was negotiated at arms' length and without collusion.

15. The Court approves payment of a service award to Plaintiff in the amount of $1,500.00. The service award compensates Plaintiff for the services he performed on behalf of the Settlement Class and the risk he undertook bringing this action.

16. The Court finds that this Order and the Settlement are not admissions or concessions by Universal Auto of any liability or wrongdoing. This Order is not a determination of liability or wrongdoing. This Order also does not constitute any opinion or position of this Court as to the merits of the claims and defenses related to this Action.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.tmdwlaw.com

17. If the Effective Date does not occur, the parties shall be returned to the status quo ex ante, for all litigation purposes, as if no Settlement had been negotiated or entered into and thus this Order and all other findings or stipulations regarding the Settlement, including but not limited to, certification of the Settlement Class shall be automatically void, vacated, and treated as if never filed.

18. This Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement, including the implementation and enforcement of this Settlement.

19. No timely submitted valid objections to the Settlement were filed.

**THEREFORE,** the Clerk of the Court is **HEREBY ORDERED** to enter this Final Order of Judgment and Dismissal with Prejudice.

Dated this 3rd day of February, 2016.

Karen L. Strombom
United States Magistrate Judge



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.tmdwlaw.com